UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 06- 0050 MHP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING DEFENDANT'S |
| ) | MOTION FOR RELEASE PENDING |
| JEFFREY ANDREW DIAZ, ) | APPEAL |
| ) | |
| Defendant. ) | |
| ) | |

Having reviewed and considered the Defendant's Motion For Release Pending Appeal, (Document # 89), the Government's response in opposition (Document #95) and the Defendant's reply (Document #98), and related filings, the Court makes the following findings:

1. Following his pleas of guilty to four felonies related to his smuggling of wildlife into the United States, this Court sentenced the Defendant to 21 months incarceration. He began serving this term in August 2007 and has served just over two months of the sentence.

2. The Defendant has filed a notice of appeal but has not yet filed his opening brief. In the instant Motion, he asserts a single appeal issue related to the Court's valuation of the smuggled wildlife. The Government does not dispute that the issue appears to present a "substantial question of law or fact" for the purposes of the Motion. If the Defendant's appeal is successful, the case could be remanded for re-sentencing by this Court. Upon remand, the Court expects the value of the wildlife is unlikely to be found to be less than $5,000. If it is not, and all other issues remain unchanged, the Defendant would be in a 15-21 month incarceration range under the advisory Sentencing Guidelines. The Defendant asserted in his Motion that the correct sentence should have been 15 months imprisonment.

//

//

ORDER DENYING MOTION
FOR RELEASE PENDING APPEAL
[CR 06-0050 MHP]

3.   Title 18, United States Code, Section 3143(b)(1)(B) requires, in granting a Motion in the factual framework present here, that the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.  In this case, should the Court find the Defendant is not a flight risk, the release date would be November 2008.  However, the Defendant has not met his burden of establishing, as required by § 3143(b)(1)(B)(iv), that the appeal process in this case, which will apparently be focused on a single, narrow sentencing issue, is unlikely to be decided prior to November, 2008.  Therefore, the Motion is both premature and insufficiently grounded.

WHEREFORE, IT IS HEREBY ORDERED, that the Defendant's Motion For Release Pending Appeal is denied, without prejudice to refiling if and when the Defendant can establish a factual basis for asserting that the appeal process in this case is unlikely to be completed prior to November, 2008.

IT IS SO ORDERED.

DATED:_10/30/2007_____



Hon. MARILYN H. PATEL
United States District Judge

ORDER DENYING MOTION
FOR RELEASE PENDING APPEAL
[CR 06-0050 MHP]                           -2-