UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ANDREW DIAZ,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.
                                       /

No. CR 06-00050 MHP
**(CV 09-04880 MHP)**

**MEMORANDUM & ORDER**

**Re: Order to Show Cause**

BACKGROUND

    Plaintiff Diaz moves to vacate his conviction and sentence pursuant to 28 U.S.C. section 2255. On November 26, 2006, Diaz pleaded guilty to two counts of smuggling Eurasian eagle owl eggs into the United States in violation of 18 U.S.C. section 545; and two related counts of making false statements for checking "no" on a customs declaration form if he had animals or wildlife, and presenting a form to the U.S. Fish and Wildlife Service falsely declaring that he made birds by "A.I." in violation of 18 U.S.C. section 1001(a)(3). Diaz made this plea on the advice of his trial counsel. This court sentenced Diaz to a prison term of 21 months, ordered him to pay a $400.00 assessment fee and a $5,000.00 fine, and imposed a three-year term of supervised release. Diaz appealed to the Ninth Circuit and the Supreme Court on the following issues: (1) whether the district court erred in using live bird value rather than egg value in calculating the fair market value of the smuggled eggs; and, (2) whether the enhancements imposed for the market value of the unhatched bird eggs and the business use of the hatched bird eggs constituted impermissible double counting.

The appeals process affirmed the district court conviction and eventually led to the Supreme Court's denial of his pro se petition on October 6, 2008. Diaz has served his 21 month prison term and is currently on supervised release.

Diaz alleges that the ineffective assistance of counsel he received during his conviction and sentencing violated his Sixth Amendment right to counsel. Specifically, he alleges that his previous counsel unreasonably advised him to plead guilty without the benefit of a written plea agreement.

## LEGAL STANDARD

This court may entertain a motion to vacate a conviction and sentence on behalf of a "prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence was imposed in violation of the Constitution." 28 U.S C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." 28 U.S.C. § 2255(b). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

To establish a constitutional violation for ineffective assistance of counsel, a criminal defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice that resulted from that deficient performance. *United States v. Cochrane*, 985 F.2d 1027, 1030 (9th Cir. 1993). To satisfy the "deficient performance" element of this test, plaintiff must prove that counsel "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). To satisfy the "prejudice" element, plaintiff must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

## DISCUSSION

Diaz is a prisoner "in custody" currently serving out the remaining 3-year supervised release term of his sentence. His motion was timely filed on October 5, 2009, within the one-year statute of limitations prescribed by section 2255(f). *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.").

Diaz's ineffective assistance of counsel claim for the smuggling charges relies upon *Babb v. United States*, 218 F.2d 538, 539 (5th Cir. 1955) (interpreting section 545, which relates to the importation of any merchandise "contrary to law."). Because the charges against Diaz only specified the importation of eagle owl eggs that were contrary to administrative regulation, rather than contrary to statute, Diaz asserts the charges are technically deficient. Diaz further asserts that a reasonable lawyer would have recognized this deficiency and raised a challenge similar to the one made in *Babb*. But for this unreasonable advice, Diaz claims he would not have pleaded guilty. Regarding the false statement charges, Diaz asserts that checking "no" on a customs declaration form is not a false statement in his case because the term "meats, animals, or animal/wildlife products" is too vague to encompass eagle owl eggs. Additionally, he asserts that his printing "A.I." on a fish and wildlife form was not false because he intended to refer to "artificial incubation" rather than "artificial insemination." Since his statement regarding artificial incubation was actually true, Diaz asserts it cannot be the basis for a conviction under section 1001(a)(3). Diaz asserts that a reasonable counsel would have raised these arguments in defense of false statement charges rather than advising him to plead guilty.

Diaz has made a legally cognizable claim for ineffective assistance of counsel. Though the merits of his false statement theories are questionable, there is a need for a more complete briefing on the proposed interpretation of the language of section 545. Plaintiff's theory based on the interpretation of section 545 in conjunction with the holding in *Babb* is not patently frivolous. Accordingly, defendant is ordered to show cause why the motion to vacate the conviction and sentence should not be granted.

3

CONCLUSION

Based on the foregoing, the court orders all of the following:

1. The clerk shall serve by mail a copy of this Order, the motion and all attachments upon the United States Attorney. The clerk shall also serve a copy of this Order on the plaintiff.

2. Defendant shall file with the Court and serve on plaintiff, within sixty days of the issuance of this order, a response showing cause why an order vacating the conviction and sentence should not be granted.

3. If plaintiff wishes to reply to defendant's response, he shall do so within thirty days of his receipt of the response. Plaintiff shall serve defendant a copy of his reply.

IT IS SO ORDERED.

Dated: March 11, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4